GUZMAN v. LAMOTHE

———

(June 4, 1928. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Prescription—Par. 78, 109; Landlord and Tenant—Par. 69.**

An action by a tenant against his landlord for damages resulting from a defective ceiling is prescribed by one year.

2. **Louisiana Digest—Attachment—Par. 15, 16.**

An attachment does not lie against a citizen who absents himself from the State temporarily on business or pleasure.

Appeal from Civil District Court. Hon. Mark M. Boatner, Judge.

Action by Mrs. Carmelite Guzman against Frank Lamothe.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

M. C. Scharff, of New Orleans, attorney for plaintiff, appellant.

P. L. Fourchy, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit for a quasi-offense.

The plea of prescription of one year was maintained and plaintiff's suit was dismissed. She has appealed.

The plaintiff alleged that her husband, Arthur Guzman, leased the premises No. 933 Burgundy Street from the defendant, Frank Lamothe, and that on July 8, 1924, and for nearly two years before she and her husband had been living on said premises; that on July 8, 1924, plaintiff was sitting on a chair in the front room on the second floor of said premises when a large piece of plaster fell from the ceiling of the room and struck her on the head, neck and back; that as a result she sustained contusions of the head, neck and back and remained in bed for about seven weeks, and was confined to her room for about three months, and still suffers from her injuries, and believes they will be permanent; that she spent $50 for a doctor and $25 for drugs; and that she is entitled to $5,000 for past and future sufferings. She alleged that Frank Lamothe was a resident of the City of New Orleans. She prayed for citation and for judgment.

This suit was filed July 3, 1925.

Citation issued July 8, 1925.

On the same day the following return on the citation was made by the Sheriff and filed in the Clerk's office on July 10, 1925:

"After due and diligent search and inquiry I was unable to find Frank Lamothe, defendant herein, his domicile, or his whereabouts, or any one legally authorized to represent him in this Parish. I am credibly informed that he is a non-resident of this State. I therefore on 8th day of July, 1925, posted a copy of the within citation to the door of the room of Division B, where this Honorable Court holds its sittings, returned to Court same day.
(Signed) "George J. Marin,
"Deputy Sheriff."

On July 8, 1925, the plaintiff filed a supplemental petition in which she alleged "that the last known address of the defend-

ant herein was at No. 2221 Napoleon Avenue; that the Civil Sheriff for the Parish of Orleans attempted to serve the defendant at the aforesaid address; that said residence was entirely closed and no one was there, as will appear from the Sheriff's return attached hereto; that she is informed that the defendant is a non-resident and is now in the State of Mississippi; that an attachment is necessary; that the defendant owns property in the City of New Orleans and particularly 933 Burgundy Street. She prayed for an attachment and for the appointment of a curator ad hoc.

The order for the attachment issued and a curator ad hoc was appointed on same July 8, 1925.

On the same day citation issued addressed to "Frank Lamothe, through Stanley W. Ray, Curator ad hoc."

The Sheriff's return on this citation is as follows:

"Received Wednesday, July 8, 1925; on the 10th day of July, 1925, served a copy of this citation and accompanying original and supplemental and amended petition on Frank Lamothe, defendant herein, by personal service on Stanley W. Ray, his Curator ad hoc."

On July 14, 1925, the defendant filed a motion to set aside the attachment on the ground, among others, "that defendant was not a non-resident of this State."

On July 18, 1925, the defendant filed the following exception:

"Now into Court comes defendant and in bar to this action pleads the prescription of one year for this to-wit:
"The petition alleges that injury was suffered July 8, 1924, and no citation was ever served on Frank Lamothe, the defendant; but that on July 10, 1925, two days after the prescription accrued, citation and petition were served on Mr. Stanley Ray,

who had been appointed curator; wherefore Frank Lamothe prays that this exception and plea of prescription be maintained and plaintiff's suit be dismissed at his cost."

A supplemental rule to dissolve the attachment was filed on the same ground on July 20, 1925.

On the trial of the rules and exceptions the plea of prescription was maintained and the suit was dismissed by judgment dated July 30, 1925.

From this judgment the plaintiff has appealed.

On the trial of the rule the defendant swore that he lived at No. 2221 Napoleon Avenue for the last three years, and in New Orleans for 53 years continuously; that he was a voter registered in the Fourth precinct of the Twelfth ward; that he had paid his poll taxes for the years 1922, 1923 and 1924; that he was not in the City on July 8th; that he was at Clermont Harbor at his son's residence since June the 13th; that he comes to this City twice a week; he has a commuter book to come and go; when he comes to town he goes to his home on Napoleon Avenue every day; his daughter attends to the renting of his houses; she has done so for the last 20 years; she lives at 4018 Burgundy Street; when he came to town from June 13th to July 8th, sometimes he slept on Napoleon Avenue, sometimes at his daughter's; while he was at Clermont Harbor his house on Napoleon Avenue was not closed all the time; he went there twice a week and his son every day; this is the first summer he went to Clermont Harbor, his son rented a house there; his daughter has no procuration from him.

The plaintiff testified that she rented the house 933 Burgundy, where the accident occurred from the defendant's daughter, Mrs. Christon, she had known her for three years; she paid the rent to her;

Mrs. Christon came to collect the rent; witness sometimes went to Mrs. Christon's house No. 4018 Burgundy Street; Mrs. Christon told her that her father stayed there with her and that she was attending to his business.

No other witness was examined by plaintiff and none by defendant.

It is conclusively shown that defendant was never cited either at his house on Napoleon Avenue, nor at the home of his daughter on Burgundy Street, nor anywhere else at any time.

It is also shown that the defendant had been a resident of Napoleon Avenue for three years and of this City for 53 years; that his daughter attended to his business of renting his houses, and that plaintiff rented from her and was acquainted with her and knew where she lived.

If the Sheriff himself could not find the defendant, he could easily have found him had he made an inquiry of the plaintiff herself and through her, of defendant's daughter, or had he consulted the city directory. It does not appear that he did either. His return that he made diligent search is a mere empty statement, not showing what that diligent search consisted of, or that he called at defendant's home on Napoleon Avenue, or anywhere else. Defendant was only absent from his home for a time, to spend a few days at his son's residence at a neighboring watering place. This absence did not justify the conclusion that he was a nonresident or an absentee and liable to attachment proceedings.

Attachment is a harsh proceeding; does not lie against a party only temporarily absent from the State on business or pleasure. 7 M. 414; 12 A. 200; 129 La. 1063; 9 Orl. App. 159.

The attachment being illegal, the citation through a curator ad hoc was unavailing.

But even if the citation was valid it was served only on the 10th of July, after the prescription had accrued.

The action was prescribed by one year under Article C. C. 3536, hence this judgment was correct and is affirmed.